19-1169 Rocky Mountain Presstress v. Liberty Mutual Good morning may it please the court my name is Melissa Liff I'm here today on behalf of Rocky Mountain Presstress we believe there are two overarching issues here today requiring this court reverse the grant of summary judgment first respectfully the order for summary judgment decided disputed issues of material fact second and related the court did not correctly address the issue of fortuity before I get into the specifics of those two issues I'd ask that in looking at these issues the court apply the law of Colorado and determine how a Colorado court would decide these questions of insurance coverage respectfully the court below creates attention by declining to apply state court rules for the state of Colorado is that insurance policies are construed to meet the reasonable expectations of the insured and those policies are liberally construed in favor of the insured to provide the broadest possible coverage this is not turn on whether a policy is ambiguous the doctrine of reasonable expectations applies regardless of ambiguity in a policy Colorado law also dictates that the terms that are undefined in a policy are given their plain ordinary meaning according to what a person of reasonable intelligence would understand I understand that my client may be considered a sophisticated business entity in terms of construction or precast concrete but that doesn't mean they're held to a higher standard when it comes to insurance policy understanding or interpretation the court in Bailey specifically stated that courts have a heightened responsibility in reviewing insurance policies pointing out that insurance policies are not ordinary bilateral contracts not often a lot of negotiation that happens using these guiding principles Rocky Mount pre-stress demonstrated that its claim falls within the coverage provisions of the policy in other cases the court can look to in regards to the doctrine of reasonable expectations regardless of ambiguity Bailey we'd cite the court to Wong Simon versus Shelter I understand that federal courts and Colorado courts don't always agree on some of these issues but the compass case makes clear that the Colorado Supreme Court has not uniformly followed decision by federal courts or even the majority of jurisdictions next Liberty has the burden to prove that its exclusions bar coverage insurers looking to avoid coverage must do so in clear unequivocal language again cases to look at for that proposition would be Shelter Farmers Alliance versus Ho that limitations must be clearly expressed and Huang lays out that exclusions must be clear and specific overall courts are looking to find coverage not looking to exclude coverage I'll turn to the issue of the disputed issues of fact in this case the district court could not determine respectfully that Rocky Mountain pre-stresses failure to do the contract and work correctly was not fortuitous viewed in the light most favorable to Rocky Mountain pre-stress any deficiencies and Rocky Mountain pre-stresses work were accidental and caused damage to the owner's property Liberty's own adjuster determined the damage deals with quote sinking pillars or columns which by necessity support some other structure in the building Rocky Mountain pre-stress should not have to wait for catastrophic loss to seek insurance coverage this building should not have had to fall down on everyone before repairs could be made and before coverage applied respectfully the court erred in applying the contract to those specific facts of this case in addition to being well short of falling down was there any originally your client claimed that there was some structural damage to the to the structure and you abandoned that right no I don't and just said well there's not that it collapsed in any way I can't remember the exact types of claims of damage to the to the structure that were originally argued but the only reason for changing it wasn't because the building was starting to collapse in any way but because it wasn't built according to specs is that correct as I'm understanding your question respectfully not exactly I think the had the discovery of defective grouting to put it pretty simply there's some complicated engineering reports and complicated engineering repairs and we never got to the point of of experts in this case before summary judgment was granted so let me clarify that sure originally you claimed that there was direct physical loss or damage to the concrete columns and pillars right and that was abandoned no I think there was sinking of the columns and pillars I don't think that's been abandoned and I think it raises an important point that we'd request the court go back and look at the policy because there's two provisions here the coverage provision which says quote we cover direct physical loss or damage caused by a covered peril to buildings or structures and it goes on well in the course of construction and then there's another provision under the heading perils covered the damage unless the loss is limited or caused by a peril that is excluded I think that word risks is important in there it was up to the insured to so delineate if they intended a different result the word risk and we go through the basic definitions but again we're looking at a ordinary common person understanding here under Colorado law the definition of risk exposure to the chance of injury or loss so when you have liberty's own adjuster saying there are sinking columns and pillars you certainly have exposure to the chance of injury or loss and once we come within those coverage provisions the burdens on liberty to prove its exclusions apply so you're saying there was evidence of that the columns were sinking I think liberty's statement or excuse me liberty's adjuster statement specifically says there are sinking columns slash pillars that statement again this is where the court got into disputed issues of fact nobody had a chance to take any depositions of these people so we don't know if there would have been further explanation there but certainly the district court should not have stepped into the shoes of the fact finder to evaluate that statement and conclude that this couldn't possibly have been fortuitous what would it take to be fortuitous the fact that it was just misdesigned misconstructed that's enough to make it fortuitous yes I think that we do have cases to say that a defective construction is a fortuitous loss Adams Arapaho which is a 10th circuit case applying Colorado law this idea of fortuity is an interesting one because the word fortuitous doesn't appear in the policy and the district court acknowledged this is an implied term to the extent liberty wanted some other meaning of fortuitous it was up to them to delineate that that's the cypress case if they intended a different result from their builders risk policy they have to put that in there this concept of fortuity is very clearly a question of fact and the level of damage the sinking pillars and columns which by their very nature support a building would cause damage to others work and to the owner's property those are all fact questions that shouldn't have been decided at this stage on summary judgment what about the exclusion for workmanship sure I think and this is where we get into again to take you back to the policy you have to plug in this definition of perils covered the exclusion has an exception that specifically uses the phrase covered peril and I'm quoting from the policy but if an act defect error or admission is described above results in a covered peril we do cover the loss or damage caused by that covered peril so if you go back and plug in the language of covered peril you get if an act error or omission is of direct physical loss or damage so you're getting into this circular logic where we've brought it into the coverage provisions and then that same definition is used in this exception to the exclusion I think a person of ordinary intelligence would understand that there is coverage here for that well would that totally eliminate the exclusion for workmanship no I don't think it does because how when would it not be when would you have a failure of designer workmanship sure I think that didn't create a peril if there's something wrong sure I think if you just have defective grouting with no other resulting loss and maybe the grouting is unattractive or something of that nature you go in and fix it and it's just the grouting then you don't maybe that would the exclusion would be totally unnecessary then anyway you wouldn't have you wouldn't have a damage to property and I think some of the language here is confusing and that's why Colorado courts emphasize the heightened responsibility to look for coverage not to look for exclusions to coverage because I think sometimes these insurance policies you have to bend over backwards to try to understand them so you do have to look at what an ordinary person would this circumstance and I think here it's quite clear when you plug in the definitions the definitions drafted by liberty that include the word risks of direct physical loss or damage that we certainly would have coverage here I'm happy to entertain any other questions but at this point I think I'll reserve the remainder of my time thank you good morning may it please the court my name is Nicole Gorham and I'm here on behalf of the appellee Liberty Mutual Fire Insurance Company the record here is clear the only claim submitted to Liberty was one in which Rocky Mountain seeks reimbursement for costs it incurred to remediate its faulty work namely grouting that did not meet design and engineer specifications do you agree that there was sinking of the pillars no we do not and we do not believe that the show that there was any evidence of sinking columns she said the opposing counsel said that your adjuster said they were sinking yes and if you look in the claim note which we've included in the record the claim note basically is having the adjuster repeat what it received from Rocky Mountain which was this allegation that there were sinking columns with respect to other projects that's how they discovered that they needed to check the project here when they check the project here all they found and the only evidence is there was insufficient grouting itself so we would submit that there is no evidence in the record of these quote sinking columns the and I was going to get into this later but I can go ahead and address it there are two reports that they've submitted to help support their argument related to the issue the defect and the two reports are Weiss Janney reports they an investigator come out do reports and make repair recommendations there's a November 30th 2016 report and a March 2nd 2017 report you'll find that the only thing Weiss Janney found was issues with the grout itself so they recommended that it be regrouted and so all the reports deal with regrouting there is not a single reference that we have found in those reports to quote sinking columns and well we did not go through depositions although the parties had an opportunity to do so if they wanted to on the coverage issue the honorable judge mage allowed the parties to conduct discovery on the coverage issue both parties conducted discovery we requested written we issued written discovery to the other side they had produced initial disclosure in which they identified various categories of claim damage it appeared to us that that was only related to the grouting itself but we requested documentation if there was any other evidence of damage what we received back was over 11,000 pages of documents and notwithstanding the 11,000 pages of documents other than attorney argument you will see from the record there is no evidence of quote sinking columns or any damage caused by sinking columns what about the claim that the argument that they're entitled to coverage for risk of damage we would argue that's not the way the policy reads so if you look at and I can go to that provision now if you look at the plain language of the policy which is what the court starts with when you're on the first page the ensuing the ensuing loss provision provides property covered we cover direct physical loss or damage caused by a covered peril to buildings or structures while in the course of construction erection or fabrication so what this requires is three things direct physical loss or damage caused by a covered peril to buildings or structures while in the course of construction so first Rocky Mountain must show that there was some direct physical loss or damage you're fine with that language yes that under perils covered right so then you get to perils covered and it's not under a definition section it's under a perils covered section so it starts over and it says we cover the risk of direct physical loss or damage sorry let me get to that section yes we cover the risks of direct physical loss or damage unless the loss is limited or caused by a peril that is excluded so what this policy is intended to cover every insurance policy covers some risk this policy covers and this is why it's called an all-risk policy basically all risks risk of fire risk of theft risk of vandalism risk that a falling crane would fall on the project so here what the risk is saying is that is what the policy is intended to cover against then but it has to be risk of physical loss or damage and that's how when you read that in connection with the coverage provision was it fire that caused direct physical loss or damage was it wind that caused direct physical loss or damage was it a falling crane that caused direct physical loss or damage so that that explains the risk and then you get to what triggers coverage which is actual direct physical loss or damage and I what did the authorities say on this and I will direct you to the interpreted a very similar provision instead of perils covered it said I think cause of loss covered or something like that and it explains exactly what I explained here how you read those two provisions and how it could appear circular but it's not I can get a citation for that and travelers is the only case on that point is unanimous authority supporting your view or is there I just very well you have to distinguish well the other authority would just be all of the case law that says how you interpret an insurance policy by looking at the language and I think that you have to interpret and the case law is very clear that you interpret the insurance policy as a whole so you can't look at the provisions in a vacuum and so if you're or damage it would render the coverage provision not applicable because that it clearly says that there must be direct physical loss or damage caused by a covered peril to you know during the course of construction the travelers case was that the federal district court of Colorado RK mechanical versus one correct yes the travelers okay that's right you don't need to do more on that so going back I would like to first address this issue that there was some genuine issue of disputed fact there was not in this case the only cost in Rocky Mountain has admitted this the only cost that incurred were costs expended to remediate its faulty work as you've seen from the background or you will see from the background facts here they are undisputed the developer Colorado Center development or CCD entered into a construction contract with J.E. Dunn the general contractor the project was for a 15-story building with some commercial retail office space as well as an above-grade parking structure J.E. Dunn in turn entered into a subcontract with Rocky Mountain there's no dispute regarding the scope of work that Rocky Mountain was was agreed to perform Rocky Mountain has stipulated that it agreed to perform work at the project which included among other things engineering supplying and installing precast concrete columns and more specifically Rocky Mountain admits in its opening brief page 8 and reply brief page 3 that its work included supplying and installing grout and or patching of all connections required by engineering for the structural integrity of the precast after Rocky Mountain installed had installed the precast columns it learned because of other projects that its work was defective and so on page 9 of its opening brief you'll see Rocky Mountain states and I quote in approximately the summer of 2016 damage relating to sinking pillars slash columns and grouting issues at other projects led to the retention of a third-party engineering firm Weiss Janney Elstner Associates WJE to investigate the work done by RMP at the project WJE investigated the project and made repair recommendations and that was what I referenced earlier the two reports Weiss Janney came back they provided the two reports and there's no dispute the only thing Weiss Janney found was faulty workmanship insufficient grouting so Weiss Janney recommended that the joints between precast columns and pilaster be re-grouted and that's what they spent the cost on is to re-grout there's not a single reference as I mentioned earlier about sinking columns in these reports and as Judge Mage aptly noted as the contractor who made the repairs Rocky Mountain should be in possession of evidence regarding the extent to which the columns were in fact sinking and other than attorney argument they've never provided any evidence that they were in fact sinking so Judge Mage correctly found that there was no disputed issue of material fact and this could be decided as a matter of law the second issue that I want to address is the fortuity that is a complete red herring because there is no fortuity word in this policy so going to the the language of the we've we've said that that's an implicit term yes and so what I wanted to get to there is Rocky Mountain respectfully has misread the case law especially the Adams Arapahoe County case they are arguing that defective workmanship itself is a fortuitous loss and the court did not find that if you look in their own briefs in the quoted language they didn't find that the defective workmanship was a fortuitous loss they found that defective workmanship can cause a fortuitous loss and there's very standard in in policies that you have defects exclusions because builders risk policies are not intended to cover damage or cost for a subcontractor to remediate its own work and if you look at the Adams Arapahoe County case that did not deal with the subcontractor seeking cost to remediate its faulty work that case actually had other resulting loss you had a situation where there was faulty material put on the roof of a building and then after construction was completed years later the roof was found to be corroded that's resulting damage and then a partial portion of the roof collapsed so the district the school district sought coverage for the collapsed roof and in the end they also found because the whole roof was corroded another loss that could also be covered but they didn't find that the faulty workmanship itself ie that the concept contractor gets to be reimbursed for cost for the faulty work was covered and so now I would just like to walk through the provisions of the policy to do this quickly as I mentioned earlier there must be direct physical or under the coverage provision direct physical loss or damage caused by a covered peril to buildings or structures during the course of construction and as I went over earlier there is no there's no evidence of direct physical loss or damage here so then you get to the perils covered section and under that it says because again the coverage provision says caused by a covered peril so then you have to go to what is a covered peril and and under the covered peril section it says we cover risks of direct physical loss or damage unless the loss is limited or caused by a peril that is excluded so then you have to ask what is what are the perils excluded and the policy is to get to this unless there's the direct physical loss right this is an alternative argument no this this is part of it so sorry yes yeah if there's no yeah if there's no direct physical loss or damage we would submit that they haven't even there's no claim to be made but assuming that there is direct physical loss or damage then you would get to okay is it is it under is it a covered peril and the covered peril says that no loss that's an excluded peril is covered so under the excluded peril section the applicable section in section to see there's a defects errors and omissions provision and under this it says we do not pay for loss or damage consisting of caused by or resulting from an act defect error or omission negligent or not relating to design specifications construction materials or workmanship or maintenance installation renovation remodeling or repair so broken out it does not cover loss or damage consisting of a defect error or omission negligent or not relating to design construction workmanship or installation of the concrete columns themselves so this wouldn't pay to regrout concrete columns to it does not cover loss or damage caused by or resulting from a defect error or omission negligent or not relating to design construction workmanship or installation of the concrete columns so even if you accepted their argument that there were sinking columns that would be a cause that would be something caused by the defective workmanship and still wouldn't be included or so wouldn't be covered because it would fall under the second portion of the exclusion which so respectfully we would submit that this argument that or this idea that Rocky Mountains faulty workmanship was accidental makes no difference because negligent or not this doesn't cover faulty workmanship so the trial court properly held that to the extent there may be physical sinking of the columns it is undisputed that the sinking was caused by insufficiently grouted joints which cause falls directly within the defects exclusion now I want to very quickly in the brief time I have remaining address the ensuing loss provision that provision says it's an exception to the defects exclusion which says but if an act defect error or omission as described above results in a covered peril then Liberty does not the Liberty does cover the loss or damage caused by the covered peril so there's no dispute that faulty workmanship is an excluded peril so it can't be a covered peril so what this is what this is plainly saying is that there must be an excluded peril that results in a cover peril which cover peril causes damage and here we don't have that and I will just briefly give you an example of where that may be the case and that is if these sinking columns somehow busted out a window in the project and rain water then came in and damaged the interior of the building then you would have an excluded peril which is the construction the faulty construction which which resulted in that then there was a covered peril which was the water coming through and you had damage resulting from the covered peril the water so it indirectly goes back to the faulty workmanship but you have an intervening covered peril that would result in coverage under this policy and so based on the foregoing we would submit that there are no disputed issues of material fact in this case the policy is clear and unambiguous and therefore we would respectfully request that this court affirm the district courts granting of summary judgment in Liberty's favor thank you I'll just briefly address some of the cases that counsel raised I'll start with the travelers opinion that case dealt with cross motions here I think it's worth noting that we did not file a cross motion for summary judgment we didn't believe that there were undisputed issues and that this case was ready for determination as a matter of law I think there are insurance type cases where early summary judgment motions and cross motions are appropriate and duty to defend type cases perhaps where you don't have the disputed facts you have here the charge tenure I thought travelers wasn't cited for they're not being factual disputes but was cited for how we interpret the language regarding perils cover sure and I think there's a couple of things in that case that are worth noting I think the court did comment there that the language does appear circular and I think we have some of that circular language happening here and in addition in that case it was being argued that the snow brought the loss within coverage there was a snow that caused a placed connection piece to the roof I forget the technical term and that makes that slightly different than what we have here where we don't have the rainwater or the snow I thought it was being said for the proposition that when it talks about risks of loss in the perils covered language that does not add anything to the coverage it's got to be physical loss or damage not just the risk of a physical loss or damage well is that is that a proper interpretation of travelers my understanding here is that and again this is why I spent a lot of time talking about how Colorado looks at insurance policies Liberty decided to include that word risks and we've laid out the dictionary definition of the word risk but I think it's pretty straightforward word if they wanted a different result I believe under Cyprus it was up to them to delineate that do you have cases interpreting language like that I understand what they were saying that that the travelers case interpreted that very language do you have cases contrary to that interpreting the language in the pair I think this is an issue of first impression for Colorado law to the extent there is some discussion of ensuing loss provisions I think the vision one case that cited in the briefing it's a Washington case but they seem to have similar rules to Colorado of insurance policy interpretation I also just wanted to take a moment to talk about our K mechanical again cross motions there and there was coverage I believe in that case for the resulting water damage under the ensuing loss provision I'll conclude just by saying that I think the fact that we are able to go back and pillars and columns and what the WJ e-report say and don't say demonstrates that we do have disputed issues of fact here that would have been disputed had we gone further down the road in this case and we'd respectfully ask that the court reversed the grant of summary judgment thank you for your time okay submitted counselor excused court will be in recess till 9 tomorrow 830 tomorrow